## HAFF v. MINNEAPOLIS & ST. L. RY. CO. and others.

*(Circuit Court, D. Minnesota. December Term, 1882.)*

1. NEGLIGENCE—PERSONAL INJURIES—PROXIMATE CAUSE—DAMAGES.

    To obtain a verdict for damages by reason of alleged negligence, it must be proven that the negligence of the defendant was the proximate cause of the injury.

2. SAME—RAILROAD COMPANY—DUTY UNDER LEASE.

    A railroad company, having by lease the right to use the depot grounds and tracks of another company, owes the same duty to passengers of that company lawfully on the ground as it does to its own.

3. SAME—DUE DILIGENCE.

    The question, what constitutes "due diligence?" in an action to recover damages caused by negligence, is one for the jury, and the *burden of proof* in such case is with the plaintiff to show the negligence.

4. SAME—CONTRIBUTORY NEGLIGENCE—CHOICE BETWEEN HAZARDS.

    Where one, in the face of great danger, and obliged to choose between two hazards, makes such choice as a person of ordinary prudence and care placed in the same situation might make, and is thereby injured, the fact that if he had chosen the other hazard he would have escaped injury will not relieve the one by reason of whose negligence he was put in jeopardy.

At Law.

A suit is brought against both defendants, seeking to hold them liable for a personal injury sustained by their negligence. The Minneapolis & St. Louis Railway Company owned the depot grounds and track where the injury occurred, and had by lease permitted the Burlington, Cedar Rapids & Northern Railway Company to use them in common. The injury is alleged in the pleading to have been the result of the carelessness of the Burlington, Cedar Rapids & Northern Company while running its engine over the main track used by both companies. It is claimed both companies are liable. Additional facts appear in the charge of the court.

*Lovely & Morgan*, for plaintiff.

*J. D. Springer*, for defendants.

NELSON, D. J., *(charging jury.)* The issue in this case has been simplified so that it will not be necessary for me to detain you long. I will suggest (as I stated when the testimony was closed) that there is no cause of action against the Minneapolis & St. Louis Company, and your verdict must be in favor of that defendant. That leaves the action to proceed against the Burlington, Cedar Rapids & Northern Company.

This suit is brought by the plaintiff, a citizen of Michigan, to recover damages for a personal injury resulting from the negligence, as

he claims, of the defendant, the Burlington, Cedar Rapids & Northern Company. The injury, resulting in the amputation of a leg, occurred at a railroad crossing in the depot grounds at Albert Lea, in this state, and was inflicted by a locomotive belonging to the Burlington, Cedar Rapids & Northern Company, and operated by its employes.

These depot grounds are owned by the Minneapolis & St. Louis Company, a corporation created by the laws of the state of Minnesota, and authorized to build and operate a railroad through Albert Lea, in the direction of Fort Dodge, Iowa. The Burlington, Cedar Rapids & Northern, an Iowa corporation operating a road from Burlington, Iowa, to Albert Lea, is authorized by the laws of this state to make running connections with the Minneapolis & St. Louis, and hold a lease of the depot grounds, granting certain rights and privileges thereto. Both roads have running connections, and there is a continuous rail leading from the terminus of one to the other, and both use the same depot grounds and yards. The track where the injury occurred was used in common by both companies. They also ran a through express train from Minneapolis to Chicago; the Minneapolis & St. Louis Company, by its engine, running a train which was made up in Minneapolis to Albert Lea, where this engine is cut off, and the train, taken by an engine belonging to the Burlington, Cedar Rapids & Northern Company, proceeds south on its way.

The injury being inflicted by a locomotive of the defendant company, it is claimed that it is liable for the injury which the plaintiff received.

The gist of this action is negligence,—the failure to perform a duty the defendant owed to the plaintiff which the law imposed. The plaintiff is not entitled to recover damages because he was run over and severely injured by a locomotive owned and operated by the defendant. He must prove to you that the negligence of the defendant was the proximate cause of the injury sustained by him before he is entitled to a verdict.

Before proceeding to instruct you upon the law applicable to this case, I would preface my remarks by saying that it is your duty in the consideration of this case to mete out even-handed justice to the parties to this controversy. The fact that the defendant is a corporation entitles it to no less rights at your hands, and to the same measure of justice, as if it was a private individual. And while we must hold a railroad corporation to the strictest accountability in the discharge of its duties and liabilities, we are also to look to it that all

persons having contract relations with such corporations (as passengers or others to whom it owes a duty) exercise the requisite care and caution for their safety, as the law requires.

Let us now examine the legal aspect of the case, and, in so doing, I shall only detail such portions of the evidence as are necessary to enable you properly to apply the law. There are some undisputed facts in this case. The plaintiff took the through Chicago train on July 19, 1882, at Waseca for Albert Lea, and arrived at the depot of that station about midnight. The depot is located west of the town, and in order to reach the hotel it is necessary to pass over the main track in going from the depot grounds. The plaintiff had paid his fare to the Minneapolis & St. Louis Company, having purchased a round-trip ticket from Albert Lea to Waseca and return. On his arrival at Albert Lea he entered a depot wagon, owned by the Hall House proprietor, and submitted himself to the control of the driver, who proceeded to make the crossing and pass over it on his way to town. While crossing, or just at the point of crossing, or at some point while making the attempt, a locomotive belonging to the defendant appeared in view, the plaintiff jumped from the wagon, and the injury was inflicted in the manner detailed to you by the evidence.

The defendant, the Burlington, Cedar Rapids & Northern Company, having by lease the right to use the depot and grounds, and the tracks laid therein, owed the same duty to passengers of the Minneapolis & St. Louis road, who were lawfully at the depot and on the grounds, as it does to its own passengers; and if the injury resulted solely from the careless and negligent manner in which it ran its locomotive over the track where the defendant had the right to be, and was invited to cross, it is liable for damages occasioned thereby. It was the plain duty of the defendant to take such precautions to avoid injury to passengers who travel over this crossing as ordinary prudence would suggest. It is urged by plaintiff that the defendant did not exercise the requisite care for his safety, and that it was negligent in not furnishing safe and secure egress from its depot; that it did not use the utmost care in providing against the injury which occurred; and that the injury would not have happened with reasonable precautions on the defendant's part to make the egress safe. On the other hand, the defendant says that it owed no duty to this plaintiff which was not carefully and diligently performed, and that all the diligence which was required under the circumstances was used. This presents the issue for you to determine, and the burden

of proof is upon the plaintiff to establish it to your satisfaction; that is, the burden of proof is upon him to establish negligence. He is required by the weight of evidence to prove that the cause of the injury was the defendant's negligence.

Now, what was defendant's duty with reference to this crossing, over which travelers were invited to cross in going to and from the depot? It was the duty of the defendant to have a safe passage-way for the benefit of travelers over this crossing; it owed this duty to the plaintiff. He had arrived at the depot at midnight, a dark night, which fact required vigilance on the part of the company to protect him, and demanded the exercise of such care as would be necessary to secure his safe exit from the depot grounds. If it was necessary, in your opinion, from the surroundings, as disclosed by the evidence, in order to secure a safe exit, that the crossing should be lighted, or a flag-man stationed at that point, and if you believe that the injury sustained by the plaintiff was the result of a failure to furnish a light or a flag-man, the failure so to do on the part of the defendant is negligence. On the other hand, if you believe that all the necessary warning was given by the defendant, that the locomotive bell was rung, and that the conductor cried out and gave sufficient warning not to cross, and other employes warned and cautioned the parties that an engine was approaching, and that a light at the crossing or a flag-man was not necessary to give safe egress to the plaintiff, then such failure was not a want of care and caution on the part of the defendant.

You are to settle this issue, and, from a close examination and consideration of the evidence, satisfy your minds upon this point. If there was no negligence, then the verdict must be for the defendant; if, however, the evidence satisfies you that the defendant was negligent, and this injury resulted from its negligence, then the plaintiff, if free from fault, is entitled to a verdict. The theory of the defendant is that the injury resulted from the negligence of the driver of the wagon. The plaintiff submitted himself to the control of this driver, and if the cause of the injury was the driver's neglect the plaintiff cannot recover. The driver's negligence was his negligence, and he must take the consequence.

The defendant, however, cannot be relieved from the exercise of the necessary care and caution for the protection of the driver. He was not a trespasser. The company knew he was there, and that he could not depart from the grounds without passing over the track at

the crossing where this injury occurred. Knowing these facts, the person in charge was required to exercise great caution in running a locomotive over this crossing, and if care for his safe egress was not exercised, the defendant is guilty of negligence; and if his negligence caused the injury, the plaintiff is entitled to a verdict at your hands. It is in evidence that the plaintiff jumped from the wagon at the crossing, either on it or when the driver made an attempt to cross, and that the injury resulted from this act on the part of the plaintiff, and not from the negligence of the defendant. · You will remember the evidence as to how and where the plaintiff jumped from this wagon, and I shall not repeat it. I think the rule applicable where contributory negligence is set up as a defense is the one which is to be applied in this case, and this is it: If the plaintiff was placed, by want of care of the defendant, in such a position that at the moment, and in the face of a great and threatening peril, he was obliged to choose between two hazards, and he makes such choice as a person of ordinary prudence and care, placed in the same situation, might make, and is thereby injured, the fact that if he had chosen the other hazard he would have escaped injury does not relieve the defendant from liability for its own negligence. The question is, was the injury inflicted upon plaintiff the result of defendant's negligence?

I am requested by defendant's counsel to charge you as follows, which I do: ,

(1) "If Hall was keeping a hotel at Albert Lea at the time of the accident in question, to promote the business of which he carried the patrons of the same in the carriage in question free, and plaintiff was being so carried at the time of the accident, and the accident was caused either wholly by the negligence of the driver of said carriage, or partly by the negligence of said driver and partly by the negligence of the employes of the defendant, the plaintiff cannot recover in this action."

(2) "The plaintiff having entered a conveyance to be carried away from the depot in question, the defendant, and its servants and employes, had a right to suppose that the driver of such conveyance was familiar with the usual manner of backing the engine in question up to the train in question, and the usual perils and dangers incidental to crossing the track in question, and that he would exercise proper care to avoid collision while crossing said track."

Now, if you shall find, upon consideration of this case, that the defendant has been guilty of negligence, then the plaintiff is entitled to a verdict. The next question for you to consider is, what is the amount of damages which the plaintiff is entitled to recover?

Plaintiff is entitled to a reasonable compensation for injuries sustained,—a just remuneration for the injury. He is entitled to surgeon's fees, and amount paid for board and nursing, and a reasonable sum for pain and bodily suffering, and any permanent injury sustained. And, in arriving at such an amount, you can take into consideration the probabilities of life, and the fact that at the time of the injury he was receiving pay for his services as a traveling salesman; not that you must give him the amount he would receive, but you can take into consideration all these facts in arriving at a just compensation for the injury sustained.

I submit, gentlemen, this special finding, to which defendant's counsel desires an answer:

"Did the defendant use due care to avoid injury to the plaintiff after discovering his proximity to or presence upon the track in question."

Now, gentleman, I shall submit this case to you without further remark. It is one peculiarly of fact for a jury to determine, and the issue is a very simple one. We have consumed some little time in order to get at the facts in the case. I think you justly comprehend them, and will consider them as practical business men.

If you find for the plaintiff, you will say, "We, the jury, find for the plaintiff, and assess his damages at so much." If you find for the defendant, you will say, "We, the jury, find for the defendant."

It will be entered on the records that you find a verdict for the defendant, the Minneapolis & St. Louis Railway Company.

Jury found a verdict for plaintiff and assessed the damages at $5,000.

---

### DEFENDANT'S REQUESTS.

(3) It appears from the evidence herein that the acts of negligence set forth in the complaint were not the proximate cause of the plaintiff's having been run over by the engine in question.

(Which request was duly refused by the court.)

(4) It not being alleged in the complaint that the plaintiff was upon the track in question at the time of the accident through any fault, or negligence or fault, of the defendants, or either of them, no evidence of any negligence, if any there be, occurring antecedent to the plaintiff being on the track after leaving the wagon will be considered.

(Which request was duly refused by the court.)